UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RASHAWN ROBERTS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-422-BAJ-DLD** |
| **MEADOWBROOK APARTMENTS PARTNERS, LTD., & ITS LIABILITY INSURER AND XYZ INSURANCE COMPANY** | |

### MAGISTRATE JUDGE'S REPORT

This matter is before the court on defendant Meadowbrook Apartments, Ltd.'s motion to remand (rec. doc. 11). The motion is unopposed and has been referred to the undersigned for a report and recommendation.

### Discussion

Plaintiff filed suit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, against defendants Meadowbrook Apartments Partners, Ltd., Its Liability Insurer, and XYZ Insurance Company seeking damages for injuries sustained when she fell down the stairs at the Meadowbrook Apartments while visiting friends (rec. doc. 1-2). Plaintiff alleges that she sustained "severe and disabling injuries including but not limited to, injury to the bones, muscles, tendons, ligaments and soft tissue of her lower back, neck and shoulder" and seeks damages for past, present, and future pain, disability, and medical expenses. Id.

Defendant Meadowbrook Apartments timely removed this matter based on diversity jurisdiction. 28 U.S.C. §1332.  Defendant, however, failed to properly allege the citizenship

of Meadowbrook Apartments Partners, Ltd. in order to establish diversity of citizenship and failed to set forth facts indicating that plaintiff's injuries satisfied the amount in controversy (rec. doc. 1). The court issued two *sua sponte* orders and requested that defendant properly set forth the citizenship of all parties and explain how the amount in controversy is satisfied in order to establish diversity jurisdiction over this matter (rec. docs. 6 and 7). Although defendant initially responded with a memoranda arguing that the amount in controversy was satisfied, it later filed a motion to remand stating as follows:

> [d]efendant represents that it is unable to research and provide any further information regarding the citizenship of BCP/Meadowbrook, LLC. In addition, based upon Plaintiff's failure to respond to any of its communication efforts, Defendant believes that it is possible that this claim is, in fact, worth less than the jurisdictional limit of the Court.

(rec. doc. 11).

As the party seeking to invoke federal diversity jurisdiction, defendant bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998). The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007). Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c).

In light of the deficiencies in defendant's notice of removal with respect to the citizenship of the parties and the amount in controversy and defendant's failure to cure these deficiencies after being put on notice by the court, defendant is unable to sustain his burden of proving that diversity jurisdiction exists in this matter. Accordingly,

**IT IS ORDERED** that defendant's motion to remand for lack of subject matter jurisdiction (rec. doc. 11) should be **GRANTED** and this matter remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on November 12, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RASHAWN ROBERTS**          CIVIL ACTION

**VERSUS**          NUMBER 10-422-BAJ-DKD

**MEADOWBROOK APARTMENTS PARTNERS, LTD., & ITS LIABILITY INSURER AND XYZ INSURANCE COMPANY**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 12, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**